United States District Court
Southern District of Texas
**ENTERED**
November 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: TOCO HOLDINGS, LLC, and TOCO WARRANTY CORPORATION, Debtors | § | CIVIL ACTION NUMBER 4:26-cv-01993 |
| NOTEH BERGER, Appellant, | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| TOCO HOLDINGS, LLC and TOCO WARRANTY CORPORATION, Appellees. | § | |

## OPINION AND ORDER ON DISMISSAL

The motion by Appellees Toco Holdings, LLC, and Toco Warranty Corporation to dismiss this appeal is granted. Dkt 11.

1. Background

This appeal follows from a bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. *In re Toco Holdings LLC*, Bankruptcy Case No 25-35378 (Bankr SD Tex).

On March 9, 2026, the Chapter 11 plan was entered and became effective. Dkt 8-10 at 1, 14.

On March 11, 2026, Appellant Noteh Berger filed a timely notice of appeal. Dkt 1-1. He also sought to stay confirmation of the plan in the bankruptcy court, which was denied. Dkt 8-1 at 14, 16.

On March 19, 2026, the parties were ordered to confer and provide joint notice of dates by which briefing would be filed. Dkt 2. The parties filed a joint briefing schedule, stating that Appellant would file his brief on May 13, 2026. Dkt 7.

On March 26, 2026, Appellant was given notice that he had failed to timely designate the record, and that failure to correct the deficiency might result in dismissal without further notice. Dkt 3. Appellant then filed his record designation on April 7, 2026. Dkt 8-1 at 18. The record was then transmitted on May 8, 2026. Dkt 8.

On June 8, 2026, Appellant's deadline to file his brief expired. Fed R Bankr P 8018(a)(1).

On July 8, 2026, Appellant filed his opening brief. Dkt 9.

On July 10, 2026, Appellees filed a motion to strike the opening brief as untimely and dismiss this appeal. Dkt 11.

2. Analysis

Appellees argue that Appellant failed to file his brief timely and, by rule, the consequence of such failure is dismissal of the appeal. Dkt 11 at 4–8, citing Fed R Bankr P 8018(a)(4). They also argue that this appeal is equitably moot because the plan has been substantially consummated, Appellant didn't obtain a stay, and reversal would harm third parties. Id at 8–9.

a. Late filing

Time is of the essence in bankruptcy proceedings. *Matter of Braniff Airways, Inc,* 774 F2d 1303, 1304 (5th Cir 1985). Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure requires an appellant to file a designation of the items to be included in the record within fourteen days of filing notice of appeal. Rule 8018(a)(1) then requires the appellant to file the opening brief within thirty days after notice that the record has been transmitted.

Appellant filed his notice of appeal on March 11, 2026. Dkt 1. This means that his designation of the record and statement of issues was due on March 25th. He instead filed it thirteen days late, on April 7th. Dkt 8-1 at 18.

The bankruptcy clerk transmitted the record on May 8, 2026. Dkt 8. This meant that Appellant's opening brief was due on June 8th. He instead filed it thirty days late, on July 8th. Dkt 9.

The Fifth Circuit holds that bankruptcy appeals may be dismissed for failure to strictly comply with the duty of diligent prosecution. *Matter of Braniff Airways*, 774 F2d at 1305. Whether to do so is in the discretion of the district court. Ibid. District courts consider in this regard (i) the explanation offered and whether the appellant has exhibited obstinately dilatory conduct, (ii) prejudice to appellees and third parties in interest, and (iii) what lesser sanctions may be appropriate. *Matter of Royal Alice Properties, LLC,* 159 F4th 355, 360 (5th Cir 2025); *In re CPDC Inc,* 221 F3d 693, 700 (5th Cir 2000).

*As to the explanation offered and underlying conduct*, Appellant fails to explain any reasons for his delay. For example, he doesn't explain his failure to timely designate the record when the deadline expired. See Dkt 8-1 at 18 (reflecting designation of record filed on April 7, 2026). Indeed, Appellant doesn't offer any explanation for his failure to timely file his brief when the deadline imposed by the agreed briefing schedule expired on May 13, 2026, or when the deadline imposed by the rules expired on June 30, 2026, or why it took a full month to file his untimely brief on July 30, 2026. See Dkts 7 & 9. He likewise offers no explanation for his delays in response to the motion to dismiss on this basis. See Dkt 13.

District courts routinely dismiss bankruptcy appeals when an appellant fails to comply with procedural rules and makes no efforts to explain such failure. *In re Jolly Properties, Inc,* 2009 WL 2940082, *1 (SD Tex) (dismissing after two-month delay on opening brief, without explanation and failure to move for extension); *In re Foundation of Hope, Inc,* 2021 WL 3832813, *1–2 (SD Tex) (dismissing after four-month delay, noting failure to move for extension).

Appellant here didn't timely move for extension and doesn't now explain the delay. In response, he instead

accuses Appellees of "sanction-worthy conduct" for citing a recent Fifth Circuit decision. Dkt 13 at 4; see also Dkt 14 at 2–3, citing *Matter of Royal Alice Properties, LLC,* 159 F4th at 360–61. But Appellees cite that decision for its correct proposition. And regardless, the focus in this context is on the unexplained and repeated nature of the Appellant's delay. Given the lack of any explanation, it plainly supports a finding of obstinately dilatory conduct.

*As to prejudice*, the time pressures in bankruptcy mean that appellees will frequently experience prejudice in the event of delay. See *In re Nikolai*, 1993 WL 391540, *3 (5th Cir 1993, unpublished); see also *In re Prism Graphics, Inc,* 666 F Appx 355, 357 (5th Cir 2016) (affirming denial of motion to extend time to file notice of bankruptcy appeal, acknowledging that "twelve-day delay was long").

Appellant obtained no stay to preserve the *status quo* during the instant appeal. Before the bankruptcy court, he did file an emergency motion for stay pending appeal pursuant to Rule 8007(a)(1) of the Federal Rules of Bankruptcy Procedure. See Dkt 8-10 at 50–57 (emergency motion for stay pending appeal). But it was denied. Id at 167–69 (order denying motion for stay). Appellant could have filed a motion under Rule 8007(b)(1) to stay in *this* proceeding, but he didn't do so. And notably in this regard, the bankruptcy court in its order stated that, in the event that this Court *did* issue a stay, "a supersedeas bond in the amount of $1,800,000.00 is appropriate and necessary to protect the Debtors' estates from the costs and harm of delay incident to the appeal." Dkt 8-10 at 168. Appellant undertook no effort to post such bond to mitigate the costs and harm of delay.

It's also undisputed that significant sales of assets to purchasers have closed and distributions to creditors have commenced since Appellant filed his notice of appeal. See Dkt 8-10 at 194 (notice of occurrence of closing date of sale of assets); see also Dkts 11 at 6–7 (noting that "executory contracts have been assumed and assigned" and "distributions to creditors have commenced"). Appellant tries to characterize the sale of assets as "rushed." Dkt 13

at 1. But he entirely ignores the context and purpose of bankruptcy proceedings. Rather than *ease* concerns of prejudice, it confirms that such prejudice *exists* and will fall on other parties.

In short, Appellant's unexplained delay of forty-three days means that third-party purchasers and appellees would be prejudiced by continuance of this appeal, given the sales that have occurred pursuant to the plan. This is particularly true where Appellant here took no steps to alleviate the potential for such prejudice when he could have timely done so.

*As to the efficacy of lesser sanctions*, a court "must exercise discretion and consider what sanctions are appropriate." *In re CPDC Inc,* 221 F3d at 699; see also *In re Serta Simmons Bedding, LLC,* 125 F4th 555, 575 (5th Cir 2024). Some infractions of the rules of bankruptcy procedure are harmless, making dismissal unwarranted. For example, see *Matter of Royal Alice Properties, LLC,* 159 F4th at 358 (reversing dismissal for mere paperwork error regarding attachments); *In re McKenzie,* 1998 WL 414308, *3 (5th Cir 1998) (reversing dismissal when clerical error caused appeal to never appear as docketed).

As already noted, the infractions of the bankruptcy rules of procedure involved here weren't harmless. What's more, there's no indication that the delay was a mere oversight or resulted from inadvertency. Appellant could have explained the delay, moved for extension, or sought a stay in this proceeding. He instead chose to take no action to remedy the harms imposed by his delay.

Appellees contend that lesser sanctions wouldn't cure harm or change behavior. Dkt 11 at 7–8. This is so. If prejudice were somehow limited to Appellees alone, perhaps lesser sanctions such as fees could be sufficient. But as to third parties, the harm imposed by the delay has already occurred. Sales of assets have closed, and third parties have financially relied upon the finality of the consummation order. Id at 3. The relief requested by Appellant would require the unwinding of these sales and material disruption to the affairs of those third parties.

Any sanction other than dismissal would reward Appellant's dilatory conduct rather than remedy the harm already caused by his delay.

Alternative measures such as ordering monetary sanctions would also have little effect on reducing the prejudice already imposed by this delay. For example, see *In re Primera Energy, LLC*, 609 BR 49, 59 (Bankr WD Tex 2019) (finding monetary sanctions would not remedy prejudice imposed after further delay after unequivocal notice by clerk of untimely filings). Only Appellees would be entitled to recover their fees and costs, whereas third parties would be forced to bear their own costs to unwind completed and settled transactions. As such, lesser sanctions—such as imposing costs or fees—wouldn't rectify the harms imposed upon third parties. For example, see *Taylor v Adams*, 2008 WL 4441964, *2 (ED Tex) (finding lesser sanctions inappropriate where delay had become pattern in appellate proceeding).

*In sum*, the duty on appeal in a bankruptcy action is to "ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate." See *In re CPDC Inc,* 221 F3d at 699–700. Here, it weighs strongly in favor of dismissing this appeal. For example, see *Schwartz v Star High Yield Investment Management Corp, Inc*, 2009 WL 1162724, *2 (SD Tex) (dismissing for failure to prosecute appeal in timely fashion). As such, this appeal will be dismissed under Rule 8018(a)(4) for failure to timely prosecute.

b. Equitable mootness

Appellees also argue that the appeal is equitably moot because there's no relief remaining that can be effectively granted. This again relates to Appellant's failure to obtain a stay, in the absence of which the plan has been substantially consummated, with the requested relief in turn harming third parties. Dkt 11 at 8–9.

Equitable mootness in bankruptcy proceedings "is not an Article III inquiry as to whether a live controversy is presented; rather, it is a recognition by the appellate courts

that there is a point beyond which they cannot order fundamental changes in reorganization actions." *In re Manges*, 29 F3d 1034, 1038–39 (5th Cir 1994). While the traditional concept of *mootness* pertains whereby a ruling of the court is withheld because it would have little or no effect, *equitable mootness* in the bankruptcy context addresses precisely the opposite problem. *In re ConvergeOne Holdings, Inc*, 2024 WL 4555545, *2 (SD Tex). As aptly phrased by Appellees, at some point, "unwinding a substantially consummated plan would cause more harm than good." Dkt 14 at 6.

The Fifth Circuit requires the examination of three factors to determine whether equitable mootness applies, being whether (i) a stay has been obtained, (ii) the plan has been "substantially consummated," and (iii) the relief requested would affect "either the rights of parties not before the court or the success of the plan." *In re Bouchard Transportation Co, Inc,* 2023 WL 1797907, *1 (SD Tex) quoting *In re Manges,* 29 F3d at 1039.

All three factors heavily favor Appellees. As to the first two, it bears emphasis again that no stay was obtained, and the plan has been substantially consummated. Dkt 11 at 2.

The only disputed issue is "whether the requested relief would adversely impact the success of the Plan or the rights of third parties not before the court." *In re Idearc, Inc*, 662 F3d 315, 320 (5th Cir 2011); see Dkts 11 at 9 & 13 at 1–2. As determined above, it's undisputed that third parties have purchased assets in good faith, acquisitions have closed, creditors have received distributions, counterparties hold assumed contracts, and litigants have accepted dismissals with prejudice. Dkts 8-1 at 54 & 8-10 at 1–47, 194.

As such, the financial rights of many third parties would be adversely affected by any delayed and untimely reversal of the confirmation of the plan. The Fifth Circuit approves the dismissal of appeals that by their nature request such upheavals. For example, see *In re Idearc, Inc.*, 662 F3d at 318–320 (affirming dismissal of appeal as

equitably moot where no stay was secured, plan was substantially consummated, and rights of third parties would be adversely impacted).

Appellant doesn't respond to concerns about adverse impact to the success of the now-confirmed plan or the rights of third parties not before the court. He instead argues against equitable mootness only on the grounds that sale under 11 USC §363(m) doesn't have jurisdictional effect. Dkt 13 at 5–7, citing *MOAC Mall Holdings LLC v Transform Holdco LLC,* 598 US 288, 297 (2023). Appellees correctly observe that *MOAC Mall* addressed whether §363(m) is a jurisdictional provision. Id at 297–305. The Supreme Court there held that it was not. Id at 304–05. *MOAC Mall* thus resolved whether a §363(m) sale *deprives* a court of the ability to alter the outcome. But that's not pertinent to the question of equitable mootness, as it didn't address whether the court *should* be willing to alter that outcome. 598 US at 297–305. Said differently, equitable mootness concerns *unwillingness* to alter the outcome, as distinguished from real mootness, which concerns *inability* to alter the outcome. See *In re Serta Simmons Bedding LLC*, 125 F4th 555, 585 (5th Cir 2024), quoting *In re UNR Industries, Inc*, 20 F3d 766, 769 (7th Cir 1994).

Each equitable mootness factor weighs in favor of dismissal. The appeal will also be dismissed on that basis.

3. Conclusion

The motion by Appellees Toco Holdings, LLC, and Toco Warranty Corporation to dismiss this appeal is GRANTED. Dkt 11.

The instant appeal is DISMISSED.

SO ORDERED.

Signed on November 5, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge